IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER BATCH                        )
                                         )
        Plaintiff,                       )
                  v.                     )        Civil Action No. 2:11-875
                                         )
                                         )
BUTLER COUNTY, CONSTABLE                 )        Magistrate Judge Cynthia Reed Eddy
ROBERT GEAGEN, BUTLER CITY               )
POLICE DEPARTMENT, AND POLICE            )
OFFICER RENSEL,                          )
                                         )
        Defendants                       )

ORDER

Plaintiff has filed a bare bones Amended Complaint [ECF No. 7 ] alleging that his rights

under the Fourth, Fourteenth, Fifth, and Sixth Amendments were violated by the Defendants

during an incident that took place outside of an apartment house in Butler County in October

2009. Butler City Police Department and Officer Rensel have answered the Amended Complaint

[ECF No. 18], and Constable Geagen has filed a Motion to Dismiss [ECF No. 19]. The Court

considers seriatim Plaintiff's Motion for Appointment of Counsel [ECF No. 22], and his Motion

for Notes of Testimony and other Court Related Documents [ECF No. 23].

Motion for Counsel

In Tabron v. Grace, 6 F.3d 147(3d Cir.1993), the United States Court of Appeals for the

Third Circuit set the standard to be applied by district courts considering a request for counsel

pursuant to the provisions of 28 U.S.C. Section 1915(e)(1). The Court in Tabron recognized that

district courts lack authority to compel counsel to represent an indigent civil litigant. Id. at 157 n.

7. It also recognized the practical constraints confronting district courts in appointing counsel: the

ever-growing number of prisoner civil rights actions filed annually in the federal courts; the lack of

funding to pay appointed counsel; and the limited number of competent lawyers willing to undertake representation without remuneration. Id. at 157.

In order to guide district courts confronting requests for counsel, the Court of Appeals articulated a number of factors to be considered and applied. Id. at 155-56. These include: (1) a plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require expert testimony.

In this case, review of the Amended Complaint against the background of the Tabron reveals the following:

(1) The particular legal issues are not difficult, so that Plaintiff should be capable of presenting and arguing the merits of his claim;

(2) At this stage of the litigation it appears that the need for factual investigation is minimal;

(3) Plaintiff appears to have no insurrmountable problem pursuing his claim;

(4) Plaintiff's claim does not appear to require extensive or complicated discovery;

(5) Plaintiff's case is unlikely to turn on credibility determinations;

(6) It does not appear that resolution of this case will depend on expert testimony.

This matter is in is in the early stages of litigation; a Motion to Dismiss is pending. Furthermore, at this point, only the fifth Tabron factor may favor appointing counsel. Accordingly, Plaintiff's motion seeking appointment of counsel will be denied. The Court will reconsider this request if Plaintiff's Complaint survives dispositive motions and proceeds to trial.

<u>Motion for Notes of Testimony and Other Court Related Documents</u>

In this Motion, the Plaintiff asks simply that the Court assist with any documents pertaining to case C.A. No. 2486 "in the Criminal Law division to proceed in this civil action." [ECF No. 23]. He does not identify which particular documents he needs, and does not provide the Court with any connection between his request and the merits of the pending Motion to Dismiss, or of this case in general. Consequently, this Motion will be denied.

AND NOW, this 6th day of January, 2012, IT IS HEREBY ORDERED that Plaintiff's Motions [ECF Nos. 22 and 23] are DENIED. IT IS FURTHER ORDERED that the parties are allowed fourteen (14) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within fourteen (14) days will constitute waiver of the right to appeal.

<u>**s** / Cynthia Reed Eddy</u>
CYNTHIA REED EDDY
UNITED STATES MAGISTRATE JUDGE


cc:    Counsel of Record via CM-ECF