IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER BATCH, | CIVIL ACTION NO. 2:11-cv-875 |
| Plaintiff, | Judge Joy Flowers Conti/ Magistrate Judge Cynthia Reed Eddy |
| v. | |
| BUTLER COUNTY, CONSTABLE ROBERT GEAGAN, BUTLER CITY POLICE DEPARTMENT and POLICE OFFICER RENSEL, | |
| Defendants. | |

REPORT AND RECOMMENDATION

I.  RECOMMENDATION

This is a civil rights action brought by a pro se inmate pursuant to 42 U.S.C. § 1983. The Court considers here a Motion filed under Federal Rule of Civil Procedure 12(b)(6) on behalf of Butler County Constable, Robert Geagan [ECF No. 19]. The Court recommends that the Motion be granted in part and denied in part.

II.  REPORT

   A.  Background

On October 27, 2009, Constable Robert Geagan ("Geagan") was in the vicinity of an apartment building in Butler County, Pennsylvania where he was attempting to serve warrants on individuals not involved in this litigation. As he approached the apartment, Geagan encountered Plaintiff, Christopher Batch ("Batch"). According to Batch's Amended Complaint [ECF No. 7], Geagan stopped him, and asked if Batch had just left a particular apartment – presumably the location specified in the warrant. When Batch stated that he had not, Geagan allegedly pulled his service weapon, pointing it in Batch's direction. [Id. at 5]. Geagan next searched Batch, but put

whatever he found "back on the person of the Plaintiff." [Id.]. Shortly thereafter, another Defendant, Butler County Police Officer Rensel ("Rensel"), arrived, searched Plaintiff again, and took him into custody, allegedly for purposes of identification. At the police station, Rensel and an "unknown lieutenant executed a strip search on the person of the Plaintiff . . . which [led] to the discovery of illegal drugs." [Id. at 6].

On July 1, 2011, Plaintiff sought and was granted leave to proceed in forma pauperis ("IFP"). The original Complaint was filed on July 12. In that Complaint, Plaintiff alleged that Defendants, including Geagan in his capacity as Constable of Butler County, transgressed his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. He also included a state law defamation claim. [ECF No. 1-1 at 2].[1] Plaintiff's Amended Complaint [ECF No. 7] is identical to the original with respect to Geagan. The single substantive difference between the two Complaints is the document appended to the latter – an Omnibus Pre-Trial Motion apparently filed by Batch's attorney during the course of criminal proceedings against Batch in the Court of Common Pleas of Butler County, Pennsylvania, Case Number 2486 of 2009. That Motion is irrelevant to this action – particularly in the context of the Motion to Dismiss, which assesses the sufficiency of the Complaint alone.[2] Moreover, even were the Court to consider the state court document – which is, significantly, a motion filed on

---

[1] This claim should be dismissed as to Geagan as there is nothing in the Amended Complaint to suggest that this Defendant was involved in any aspect of conduct which could be construed as defamatory.

[2] In his Reply to Geagan's Motion to Dismiss the Amended Complaint [ECF No. 29], Batch bases the entirety of his argument on the transcript of the state criminal proceedings previously referenced. In evaluating the pending Motion, the Court has not considered this document. The transcript itself has not been produced, and all the Court has before it are the conclusions that Batch himself has drawn from the document. As the Court has stated, its focus in determining whether Plaintiff has stated a potentially viable claim is on the allegations set out in the Amended Complaint.

2

behalf of Geagan and not a court order, into account, it does not reference Geagan except to state that in January 2009, Batch was leaving an apartment building in Butler at the same that that Geagan arrived to serve a warrant. [ECF No. 21-1 at ¶¶ 3, 4].

B. Standard of Review

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded factual allegations and construe them in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). In Phillips, the United States Court of Appeals for the Third Circuit reiterated the Rule 12(b)(6) pleading requirements as explained by the Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See Phillips, 515 F.3d at 233–34.

Motions to Dismiss are evaluated pursuant to a three-pronged approach. First, the Court must identify the essential elements of the plaintiff's cause of action. Second, the Court evaluates whether the complaint sets forth factual allegations as opposed to conclusory statements; the former it accepts as true, and the latter it disregards. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Third, if the complaint sets forth factual allegations, the Court must determine whether they support a claim to relief that is plausible on its face. See Iqbal, 129 S.Ct. at 1950, 1953. A claim is plausible when the plaintiff pleads facts that allow the court reasonably to infer that the defendant is liable for the conduct alleged. Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). This standard does not impose a probability requirement at the pleading stage, but instead requires that the facts alleged be sufficient to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the claims made. See Iqbal, 129 S.Ct. at 1949; Phillips, 515 F.3d at 234.

In addition, Congress significantly amended Title 28 of the United States Code, section

3

1915, which establishes the criteria for allowing a litigant to proceed IFP i.e., without prepayment of costs. Section 1915(e) (as amended) requires federal courts to review complaints filed by persons proceeding IFP, and to dismiss, at any time, an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the Prisoner Litigation Reform Act ("PLRA"), see 28 U.S.C. §§ 1915(h); 1915A(c), and has been granted IFP status in this action. Thus, his allegations must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B). In evaluating complaints under §§ 1915(e)(2)(B) and 1915A, federal courts apply the same standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

C. Discussion

1. Geagan's Status as a State Actor

In order to maintain suit against Geagan pursuant to section 1983, Plaintiff must establish that Geagan was a state actor, and that his conduct deprived Plaintiff of "rights, privileges, or immunities secured by the Constitution or laws of the United States." Schneyder v. Smith, 653 F.3d 313, 318 (3d Cir. 2011) (citing Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993)). Geagan argues that Batch has failed to satisfy the first element of a cause of action under section 1983 by not adequately alleging that Geagan was a state actor.

In his Amended Complaint, Batch identifies Geagan as a Constable of Butler County, and states that Geagan was in the process of serving a warrant when he encountered Batch. Furthermore, Batch states that Geagan was carrying a service revolver. While the Court

understands that Plaintiff has not recited the talismanic phrase "acting under color of state law," see Candito v. Beatty, No. 2:11-cv-529, 2011 WL 4368373 at *4 (W.D. Pa. September 19, 2011), it finds that Plaintiff has certainly alleged adequate to support a plausible inference that Geagan was a state actor. In so concluding, the Court notes that the sufficiency of pro se pleadings must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Given that Batch has satisfied the first prong of a section 1983 claim against Geagan, the Court turns to the substance of the constitutional rights at issue.

2. The Fifth Amendment Claims

The Court should dismiss Batch's Fifth Amendment claims with prejudice given that the Amendment "applies [solely] to actions of the federal government." B&G Const. Co., Inc., v. Dir. of Workers' Comp. Programs, 662 F.3d 233, 246 n.14 (3d Cir. 2012) (citing U.S. Const. amend. V; U.S. Const. amend. XIV § 1)).

3. The Sixth Amendment Claims

The Sixth Amendment reads:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI. Batch does not allege facts implicating these guarantees, the Sixth Amendment claims against Geagan should be dismissed with prejudice.

4. The Fourteenth Amendment Claims

Plaintiff next argues that his Fourteenth Amendment due process rights were violated because he was arrested without probable cause. Neither wrongful arrest nor wrongful detention

5

falls within the parameters of the Fourteenth Amendment. Where a particular amendment provides an explicit textual source of constitutional protection, that amendment should be the guide for analyzing the claims. See Doe v. Groody, 361 F.3d 232, 238 n.3 (3d Cir. 2004); Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000). The Supreme Court has directed that "all claims that law enforcement officers have used excessive force . . . in the course of a [ ] . . . 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Mellott v. Heemer, 161 F.3d 117, 121 (3d Cir.1998) (quoting Graham, 490 U.S. at 395). Batch's Fourteenth Amendment claims against Geagan should be dismissed.

5. The Fourth Amendment Claims

Addressing Batch's Fourth Amendment illegal detention claim, Geagan argues "there are no allegations in Plaintiff's Complaint that Defendant Geagan told Plaintiff he was not permitted to leave the area[,] or that Defendant Geagan in any manner prevented Plaintiff from leaving the area." [Doc. 20 at 4]. This statement flatly contradicts the record. In fact, Batch states in his Amended Complaint that after Geagan asked where Batch had been, Geagan, pulled his service weapon, and pointed it in Batch's direction "to detain [him] without just cause." [ECF No. 7 at 5]. Geagan then searched Plaintiff, and put the fruits of the search "back on" Plaintiff's person. [Id.]. Defendant's argument that Batch would have felt free to leave the area during this interaction is not credible.

Under the Rule 12(b)(6) standard, the Court is constrained to view the facts in the light most favorable to Batch. The essence of Batch's Complaint is that for no discernible reason, Geagan pulled a gun on and searched him without cause. These allegations are sufficient to

6

establish a Fourth Amendment excessive force claim for purposes of the pending Motion. [3]

III. CONCLUSION

For the reasons set out above, the Court recommends that Geagran's Motion to Dismiss be granted in part and denied in part as follows: As to claims based on the Fifth, Sixth and Fourteenth Amendments, the Motion should be granted with prejudice. As to the Fourth Amendment claim, the Motion should be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation must be filed by November 18, 2011. Failure to file timely objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Respectfully submitted,

_____

Cynthia Reed Eddy
United States Magistrate Judge

Dated: March 12, 2012

cc: Counsel of record via CM-ECF

     Christopher Batch
     JY-7749
     SCI-Somerset
     1600 Walters Mill Road
     Somerset, PA 15510

---

[3] Geagan claims that if there is a viable Fourth Amendment claim, he is entitled to qualified immunity. As Batch describes his encounter with Geagan, there is no doubt that a reasonable officer in Geagan's position would have known that pointing a weapon at Batch in the circumstances described would raise Fourth Amendment concerns. Ultimately, discovery may establish a version of events that differs from the one articulated by Batch. At this stage of the litigation, the qualified immunity analysis is premature.