## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER BATCH )
Plaintiff, )
)
v. )
)
CONSTABLE ROBERT GEAGAN, POLICE )
OFFICER RENSEL, BUTLER COUNTY – )
CITY OF BUTLER DISTRICT COURT OF )
COMMON PLEAS OF PENNSYLVANIA, )
BUTLER CITY POLICE PEPARTMENT )

2:11-cv-00875

Judge Joy Flowers Conti/
Magistrate Judge Cynthia Eddy

### MEMORANDUM ORDER

Following entry of the District Court's Order [ECF No. 39] granting pro se Plaintiff's

Motion to Dismiss [ECF No. 19], all claims made against Constable Geagan ("Geagan") in

Plaintiff's first Amended Complaint [ECF No.7], were dismissed except those based on alleged

violations of the Fourth Amendment. The Court now has before it four pending Motions. The

first is a Motion to Dismiss for Failure to State a Claim filed by Defendant Butler County, City

of Butler County District Court of Common Pleas of Pennsylvania ("Butler County"). [ECF No.

47]. In an Order dated August 20, 2012 Plaintiff was directed to respond to Butler County's

Motion. He did so on August 30, 2012, via two identical Motions to Amend/Correct his

Amended Complaint. [ECF Nos. 50, 52]. In those Motions, Plaintiff agrees that Butler County

should be dismissed from this suit, and asks the Court to "bring forth the City of Butler (Butler

City) to this civil suit for facts being that the City of Butler (Butler City) are [sic] responsible for

officer Rensel and Robert Geagan [sic] actions."

In a third Motion to Amend [ECF No. 51], Plaintiff seeks to add a claim for Fourth

Amendment malicious prosecution pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges

that Defendants Geagan and Rensel knew that the search and detention underling this claim were

illegal, and conspired to violate Plaintiff's rights. Plaintiff also asserts that the officers "acted maliciously and/or for the purpose of defaming harassing, intimidating or for racially profiling . . . . rather than for the purpose of bringing [him] to Justice." [Id. at 2-3]. Plaintiff alleges that they initiated criminal proceedings against him without probable cause, and that those proceedings terminated in [his favor]. [Id. at 3]. Relying on similar allegations Plaintiff also seeks to add a claim against these Defendants for malicious prosecution. [Id. at 3-4].

In the same Motion, Plaintiff focuses on claims against the City of Butler, seeking to add a section 1983 claim based on the City's failure to train and supervise its police officers "in the collection, storage, and process [sic] of evidence due to the number of previously mishandled cases involving evidence that was misplaced, tainted, stolen or improperly processed [by] its officers or employees." [Id. at 4-5]. Plaintiff contends that this failure to train resulted in officers on the Butler police force using racial profiling, searching and detaining persons based on cultural bias. [Id. at 5]. Last, Plaintiff contends that the City of Butler, as a policymaker for the its Police Department, "had a practice, policy and/or custom of shielding officers from complaints of citizens for mishandling evidence, failing to perform complete protocol and [supervising] its officers in ethical procedures." [Id. at 6].

It is the policy of the United States Court of Appeals for the Third Circuit that "leave to amend the pleadings [is to be given] freely." See generally Long v. Wilson, 393 F. 3d 390, 400 (3d Cir. 2004); Hamilton v. Leavy, 117 F.3d 742, 749 (3d Cir. 1997) ("courts should allow liberal amendment of pro se complaints"). Though Plaintiff's substantive Motion to Amend is not a model of detail or clarity, the Court is convinced that to preclude amendment at this point would work an injustice. "Responsive pleadings . . . may enable the Plaintiff to clarify his legal theories." Roman v. Jeffes, 904 F. 2d 192, 197 (3d Cir. 1990).

2

Should Plaintiff in choose to file a Second Amended Complaint, he should, insofar as he is able at this point in the litigation, follow these guidelines: Under each cause of action, he should state the following (1) the names of the persons who personally participated in causing the alleged deprivation of his constitutional rights; (2) the dates on which the conduct of each defendant allegedly took place; (3) the specific conduct or action alleged to be unconstitutional; (4) the particular constitutional provision under which Plaintiff makes the claim; (5) the particular type of relief he is seeking from each Defendant; and (6) whether he is suing each Defendant in his or her official or individual capacity. Plaintiff need not repeat facts in subsequent causes of action if prior facts are applicable to more than one cause of action, but Plaintiff must include a statement under the subsequent cause of action that Plaintiff is incorporating certain preceding paragraph numbers by reference. Plaintiff should not simply incorporate all of the preceding paragraphs, because some may not be applicable to a subsequent cause of action.

AND NOW, this sixth day of September, 2012, it is hereby ORDERED that Butler County's Motion to Dismiss [ECF No. 47] is GRANTED. The Plaintiff's Motion to Amend his Complaint to dismiss Butler County and add the City of Butler as a Defendant [ECF No. 50] is also GRANTED. Plaintiff's duplicate Motion docketed at [ECF No. 52] is DISMISSED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's request to make substantive amendments to his Second Amended Complaint [ECF No. 51] is GRANTED, subject to the following provisos. The second amendment to Plaintiff's Complaint must be a stand-alone document independent of any Complaint or Motion already filed. The Second Amended Complaint must name all Defendants, include causes of action identifying Plaintiff's legal theories, and set out as many

3

facts as possible surrounding the alleged wrongdoing. *See* Fed. R. Civ. P. 8. Plaintiff is strictly cautioned that the inclusion of claims distinct from those set forth in his prior Complaint or in the Motion seeking to amend that Complaint will be considered a failure to comply with this Order, and will result in dismissal of the Second Amended Complaint. <u>Gilyard v. Dauphin Cty Work Release</u>, Civil No. 10-1657, 2010 WL 4623996 at *2 (M.D.Pa. Nov. 10, 2010).

IT IS FURTHER ORDERED that the Second Amended Complaint must be filed no later than September 28, 2012. Should Plaintiff fail to meet this deadline, the Court will dismiss this action for failure to prosecute. *See* <u>id.</u> (construing failure to file an amended complaint within the specified time as a loss of interest in the litigation, warranting dismissal of the action).

By the Court,

Cynthia Reed Eddy
United States Magistrate Judge

cc:     Counsel of Record via CM-ECF

Christopher Batch
JY-7749
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510